J-S30032-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| DONALD TROUTMAN, | : | |
| Appellant | : | No. 1669 WDA 2017 |

Appeal from the PCRA Order October 19, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004416-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| DONALD TROUTMAN, | : | |
| Appellant | : | No. 1699 WDA 2017 |

Appeal from the PCRA Order November 6, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004416-2007

BEFORE:  BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JUNE 07, 2018**

Donald Troutman (Appellant) appeals at docket number 1669 WDA 2017, from the October 19, 2017 order denying his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

---

[1] At docket number 1699 WDA 2017, Appellant has appealed from an order purportedly entered on November 6, 2017. This Court *sua sponte*
*(Footnote Continued Next Page)*

* Retired Senior Judge assigned to the Superior Court.

We provide the following background. In 2007, victim's mother reported to police that victim told her that her biological father, Appellant, raped the victim several times in 2001. Appellant was charged with numerous crimes related to these sexual assaults, and he proceeded to a bench trial in 2009. On October 5, 2009, Appellant was found guilty of all charges, and on March 22, 2010, Appellant was sentenced to an aggregate term of seven and one half to fifteen years of incarceration. Appellant timely filed an appeal to this Court, and on June 14, 2011, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Troutman*, 31 A.3d 744 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On January 21, 2016, Appellant *pro se* filed a PCRA petition. The PCRA court appointed counsel on Appellant's behalf. On December 22, 2016, counsel filed a petition to withdraw and no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition. Appellant did not file a notice of appeal from that order.

*(Footnote Continued)* ─────────
consolidated the appeals. The certified record does not contain any order entered on that day, and Appellant does not offer any explanation about what that order entailed. Accordingly, we dismiss the appeal docketed at 1699 WDA 2017.

On August 3, 2017, Appellant filed a motion entitled "Motion to Modify Sentence." In that motion, Appellant asserted that he is serving an illegal sentence pursuant to our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania constitution). The PCRA court treated this motion as a PCRA petition, and on October 19, 2017, issued an order dismissing the petition. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[2]

On appeal, Appellant contends that the PCRA court erred in dismissing his petition. In considering this issue, we must first consider whether Appellant has timely filed his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b).

---

[2] On January 24, 2018, the PCRA court issued an opinion stating that it "has conducted an additional review of the PCRA petition and would request that in light of" **Muniz**, **supra**, this Court remand the case for further consideration. PCRA Court Opinion, 1/24/2018. For the reasons that follow, we decline to do so.

Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, this Court affirmed Appellant's judgment of sentence on June 14, 2011, and he did not file a petition for allowance of appeal to our Supreme Court. Thus, his judgment of sentence became final 30 days later, or on July 14, 2011, and he had one year, or until July 13, 2012, to file timely a PCRA petition. Thus, Appellant's August 3, 2017 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

Although Appellant has not cited to 42 Pa.C.S. § 9545 in his PCRA petition, it is apparent that he is attempting to plead the exception set forth in section 9545(b)(1)(iii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."). Here, Appellant relies on our

Supreme Court's holding in *Muniz* in support of his petition. *See* Motion to Modify Sentence, 8/3/2017, at ¶ 1.

This Court considered whether *Muniz* applies under similar circumstances in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018). In that case, Murphy was convicted of a number of sex-related crimes in 2007, and after review, his judgment of sentence became final on July 28, 2009. On October 18, 2017, while a serial PCRA petition was pending in this Court, Murphy filed a motion asserting that *Muniz* renders portions of his sentence unconstitutional. This Court considered that argument and offered the following.

> Here, we acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405–06 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in *Muniz* does not apply at this point to untimely-filed PCRA petitions. This Court acknowledges that "if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Murphy can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new

retroactive right' exception in section 9545(b)(1)(iii)." **Murphy**, 180 A.3d at 406 n.1. The same holds true for Appellant.

Based on the foregoing, we conclude that Appellant's petition was untimely filed, and he has not asserted an exception to the timeliness requirements. Thus, he is not entitled to relief.[3]

Order on appeal at docket number 1669 WDA 2017 affirmed. Appeal at docket number 1699 WDA 2017 dismissed. Jurisdiction relinquished.

Judge Stabile joins the memorandum.

PJE Bender files a dissenting memorandum

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2018

---

[3] The Commonwealth suggests that not only does this Court not have jurisdiction to address the merits of this untimely-filed PCRA petition, as discussed *supra*, but also contends that the petition is moot pursuant to newly-enacted legislation. **See** Commonwealth's Brief at 19-21. However, because we conclude we do not have jurisdiction, we decline to reach the issue of mootness.